UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No. 1:18-cv-507

| KATHRYN MCHUTCHISON | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | ANSWER |
| SPENCER SCHAR, | ) | |
| Defendant. | ) | |

Defendant Spencer Schar ("Spencer"), answering Plaintiff's Complaint, avers and states:

## FIRST DEFENSE AND ANSWER

1. It is admitted that Plaintiff is a student at Elon University in Elon, North Carolina. Spencer lacks sufficient knowledge to respond to the remaining allegations in Paragraph 1 of the Complaint and, therefore, denies those allegations.

2. Denied.

3. The allegations of paragraph 3 of the Complaint call for legal conclusions for which no response is required; furthermore, the allegations of paragraph 3 are moot since this matter has been removed to federal court.

4. It is admitted that Plaintiff planned to, and did, attend a party on October 20, 2017. It is further admitted that, in advance of that party, Plaintiff and several other people went to the apartment of Sally Collamore ("Collamore") and Carrigan Bain ("Bain") who are sorority sisters and friends of Plaintiff's.

5. It is admitted that Plaintiff, Collamore, and Bain invited dates to attend the October 20, 2017 party, and that at least those individuals and their dates attended a "pre-party" at Collamore's apartment. Spencer lacks sufficient information to respond to the remaining allegations of paragraph 5 and, therefore, denies those allegations.

6. Admitted.

7. Admitted.

8. Denied.

9. Denied.

10. It is admitted Defendant was 20 years old as of October 20, 2017. The remaining allegation in paragraph 10 of the Complaint calls for a legal conclusion for which no response is required; to the extent the Court determines a response is required, that allegation is denied.

11. Denied.

12. Denied.

13. Spencer admits he drank at least a beverage with vodka in it and that everyone who was at Collamore's apartment on October 20, 2017 was drinking alcohol. Except as expressly admitted, the allegations of Paragraph 13 of the Complaint are denied.

14. Spencer lacks sufficient information about Plaintiff's date of birth to respond to the contention regarding her age at the time of the party and, accordingly, denies that allegation. The remaining allegations of paragraph 14 are denied.

15. It is admitted Spencer drank alcohol with Plaintiff, Collamore, and others after his arrival at Collamore's apartment on October 20, 2017. Spencer lacks sufficient

knowledge or belief to respond to the allegation that he encouraged others to drink and, therefore, denies that allegation. The remaining allegations of paragraph 15 of the Complaint are denied.

16. Spencer lacks sufficient information or belief as to the precise amount of time he spent at Collamore's apartment with Plaintiff and others, or as to when the sorority party was supposed to begin, and therefore denies those allegations. It is admitted that Spencer and at least some of the others who were at the "pre-party" at Collamore's apartment walked to the party being held, upon information and belief, at a house affiliated with the Phi Mu fraternity.

17. Admitted.

18. Spencer lacks sufficient information and belief to respond to the allegations of paragraph 18 and, therefore, denies those allegations.

19. It is admitted Plaintiff drank alcohol at the party he attended on October 20, 2017. Except as expressly admitted, the allegations of paragraph 19 are denied.

20. Spencer lacks sufficient knowledge to respond to the allegations in paragraph 20 of the Complaint and, therefore, denies those allegations.

21. Spencer lacks sufficient knowledge or belief to respond to the allegations in paragraph 21 of the Complaint and, therefore, denies those allegations.

22. Spencer lacks sufficient knowledge to respond to the allegations in paragraph 22 of the Complaint and, therefore, denies those allegations.

23. Spencer lacks sufficient knowledge to respond to the allegations in paragraph 23 of the Complaint and, therefore, denies those allegations.

24. Spencer lacks sufficient knowledge to respond to the allegations in paragraph 24 of the Complaint and, therefore, denies those allegations.

25. Spencer lacks sufficient knowledge or belief to respond to the allegations in paragraph 25 of the Complaint and, therefore, denies those allegations.

26. Spencer lacks sufficient knowledge or belief to respond to the allegations in paragraph 26 of the Complaint and, therefore, denies those allegations.

27. Spencer lacks sufficient knowledge to respond to the allegations in paragraph 27 of the Complaint and, therefore, denies those allegations.

28. Spencer lacks sufficient knowledge to respond to the allegations in paragraph 28 of the Complaint and, therefore, denies those allegations.

29. Spencer lacks sufficient knowledge to respond to the allegations in paragraph 29 of the Complaint and, therefore, denies those allegations.

30. Spencer lacks sufficient knowledge to respond to the allegations in paragraph 30 of the Complaint and, therefore, denies those allegations.

31. Spencer lacks sufficient knowledge to respond to the allegations in paragraph 31 of the Complaint and, therefore, denies those allegations.

32. Spencer lacks sufficient knowledge or belief to respond to the allegations in paragraph 32 of the Complaint and, therefore, denies those allegations.

33. Spencer lacks sufficient knowledge or belief to respond to the allegations in paragraph 33 of the Complaint and, therefore, denies those allegations.

34. Spencer lacks sufficient knowledge or belief to respond to the allegations in paragraph 34 of the Complaint and, therefore, denies those allegations.

35. Spencer lacks sufficient knowledge or belief to respond to the allegations in paragraph 35 of the Complaint and, therefore, denies those allegations.

36. Spencer lacks sufficient knowledge or belief to respond to the allegations in paragraph 36 of the Complaint and, therefore, denies those allegations.

37. Spencer lacks sufficient knowledge or belief to respond to the allegations in paragraph 37 of the Complaint and, therefore, denies those allegations.

38. Defendant lacks sufficient knowledge to respond to the allegations in paragraph 38 of the Complaint and, therefore, denies those allegations.

39. Spencer lacks sufficient knowledge or belief to respond to the allegations in paragraph 39 of the Complaint and, therefore, denies those allegations.

40. Spencer lacks sufficient knowledge or belief to respond to the allegations in paragraph 40 of the Complaint and, therefore, denies those allegations.

41. Spencer lacks sufficient knowledge or belief to respond to the allegations in paragraph 41 of the Complaint and, therefore, denies those allegations.

42. Defendant lacks sufficient knowledge to respond to the allegations in paragraph 42 of the Complaint and, therefore, denies those allegations.

43. Spencer lacks sufficient knowledge or belief to respond to the allegations in paragraph 43 of the Complaint and, therefore, denies those allegations.

44. On information and belief, it is admitted that, without limitation, Sam Shaw tackled and punched Spencer repeatedly, inflicting substantial and significant personal injury upon Spencer. Except as admitted, the allegations of paragraph 44 of the Complaint are denied.

45. Defendant lacks sufficient knowledge to respond to the allegations in Paragraph 45 of the Complaint and, therefore, denies those allegations.

46. Spencer lacks sufficient knowledge or belief to respond to the allegations in paragraph 46 of the Complaint and, therefore, denies those allegations.

47. Spencer admits that he chose, on his own initiative, to drink some alcohol on the evening in question but also avers that he was encouraged to drink by others, at least at the pre-party. Except as admitted, the allegations of this paragraph of the Complaint are denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Spencer admits that Plaintiff drank alcohol on October 20, 2017. Defendant lacks sufficient knowledge to respond to the remaining allegations of this paragraph of the Complaint and, therefore, denies those allegations.

53. Spencer lacks sufficient knowledge or belief to respond to the allegations in paragraph 53 of the Complaint and, therefore, denies those allegations.

54. Defendant lacks sufficient knowledge or belief to respond to the allegations in Paragraph 54 of the Complaint and, therefore, denies those allegations.

55. Denied.

56. It is admitted that Elon University conducted an investigation regarding Spencer's conduct on October 20, 2017, and that this investigation involved at least some

of the events giving rise to this complaint. Except as admitted, the allegations of paragraph 56 are denied.

57. It is admitted that Elon University conducted an investigation into the events of October 20, 2017. It is further admitted that, after the investigation, Defendant was suspended for one semester and one winter term. It is also admitted, on information and belief, that Sam Shaw was suspended for one year, in whole or part because of his wrongful actions toward Spencer on October 20, 2017, which resulted in Spencer's suffering substantial personal injury, hospitalization, surgery, and significant medical expense. Except as admitted, the allegations of paragraph 57 of the Complaint are denied.

58. The allegations of paragraph 58 are irrelevant to this lawsuit. It is admitted that Spencer's parents have generously donated money to Elon University, and that Elon University's basketball arena is named the "Schar Center." Except as admitted, the allegations in Paragraph 58 of the Complaint are denied.

59. Denied.

60. It is admitted that Spencer remains a student at Elon University. Except as admitted, the allegations of paragraph 60 of the Complaint are denied.

61. It is admitted that Elon University conducted an investigation into the events of October 20, 2017, and it is admitted, on information and belief, that University representatives discussed the events of that evening with Plaintiff and Sam Shaw. It is further admitted that Sam Shaw was suspended for one year because of, in whole or part, his inflicting serious personal injuries on Spencer on October 20, 2017. Except as admitted, the allegations in paragraph 61 of the Complaint are denied.

7

62. Denied.

## **FIRST CLAIM FOR RELIEF**

63. Spencer's answers and responses set forth in Paragraphs 1 through 62 above are restated and incorporated by reference.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. The allegations in Paragraph 69 of the Complaint call for legal conclusions to which no response is required. To the extent the Court determines a response is required, those allegations are denied.

## **SECOND CLAIM FOR RELIEF**

70. Spencer's answers and responses set forth in paragraphs 1 through 69 above are restated and incorporated by reference.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. The allegations in Paragraph 76 of the Complaint call for legal conclusions to which no response is required. To the extent the Court determines a response is required, those allegations are denied.

## THIRD CLAIM FOR RELIEF

77. Spencer's answers and responses set forth in paragraphs 1 through 76 above are restated and incorporated by reference.

78. The allegations in Paragraph 78 of the Complaint call for legal conclusions to which no response is required. To the extent the Court determines a response is required, those allegations are denied.

79. Denied.

80. Denied.

81. Denied.

82. The allegations in paragraph 82 of the Complaint concerning whether an alleged violation of N.C. Gen. Stat. §14-33(c)(2) constitutes negligence *per se* calls for a legal conclusion to which no response is required; to the extent the Court determines a response is required, that allegation is denied. All remaining allegations of this paragraph are denied.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

9

88. Denied.

## PUNITIVE DAMAGES

89. Spencer's answers and defenses set forth in paragraphs 1 through 88 above are restated and incorporated by reference.

90. Denied.

## SECOND DEFENSE

To the extent Spencer is found to have been negligent (which is expressly denied), Plaintiff was also negligent and such contributory negligence bars Plaintiff's recovery for negligence.

## THIRD DEFENSE

If Plaintiff was struck or otherwise battered by Spencer—which he denies upon information and belief —and if that conduct occurred because Plaintiff or others in close proximity to her were threatening, assaulting, or battering Spencer, then Spencer pleads self-defense.

## FOURTH DEFENSE

To the extent Plaintiff caused or contributed in any material way to the conduct she alleges against Spencer, then she is estopped from making claims against Spencer, or recovering from Spencer, to the extent of her involvement or contribution to her own alleged injuries or the alleged assaultive behavior on Spencer's part.

## FIFTH DEFENSE

Plaintiff's Complaint's stand-alone cause of action for punitive damages fails to state a claim on which relief can be granted. Spencer reserves the right to file a subsequent

motion for judgment on the pleadings (once they are closed), or for dismissal under Federal Rules of Civil Procedure 12(b)(6).

## SIXTH DEFENSE AND MOTION TO BIFURCATE TRIAL

Pursuant to N.C. Gen. Stat. § 1D-30, Spencer hereby moves as a matter of right to sever the trial of the issues of liability for, and the amount of, punitive damages from the trial of issues of liability for, and the amount of any, compensatory damages.

## SEVENTH DEFENSE

Any award of punitive damages to Plaintiff in this case would violate the Due Process Clause of the Fourteenth Amendment because the substantive underlying North Carolina law does not provide sufficient safeguards as required by the United States Supreme Court. Moreover, any award of punitive damages would be in violation of the constitutional safeguards provided to Spencer under the Constitutions of the United States and the State of North Carolina.

## RESERVATION OF RIGHTS

Spencer reserves the right to raise additional affirmative defenses, or to supplement those asserted herein, as discovery and further investigation concerning the events alleged in the Complaint may warrant.

WHEREFORE, Spencer Schar respectfully prays that the Court:

1. Dismiss this action.

2. Determine and adjudge that Plaintiff have and recover nothing from Spencer Schar.

3. Deny Plaintiff's prayer for relief in its entirety.

4. Award Spencer Schar his reasonable attorneys' fees from Plaintiff to the extent allowed by law and as determined to be appropriate by the Court.

11

5. Tax the costs of this action against Plaintiff.

6. Grant Spencer Schar such other and further relief as the Court deems just and proper.

Respectfully submitted, this 2nd day of August, 2018.

>BROOKS, PIERCE, McLENDON,
>HUMPHREY & LEONARD, L.L.P.
>
>/s/ Justin N. Outling
>Kearns Davis
>N.C. State Bar No. 22014
>Post Office Box 26000
>Greensboro, North Carolina 27420
>Telephone: (336) 271-3174
>Email: kdavis@brookspierce.com
>And
>John W. Ormand III
>N.C. State Bar No. 14160
>Post Office Box 1800
>Raleigh, NC 27602
>Telephone: (919) 839-0300
>Email: jormand@brookspierce.com
>And
>Justin N. Outling
>N.C. State Bar No. 38409
>Post Office Box 26000
>Greensboro, North Carolina 27420
>Telephone: (336) 373-8850
>Email: joutling@brookspierce.com
>
>*Attorneys for Defendant Spencer Schar*

**CERTIFICATE OF SERVICE**

I hereby certify that on date indicated below I electronically filed the foregoing document(s) with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

> Robert E. Zaytoun
> rzaytoun@zaytounlaw.com
> Matthew D. Ballew
> mballew@zaytounlaw.com
> *Attorneys for Plaintiff*

This the 2nd day of August, 2018.

> BROOKS, PIERCE, McLENDON,
> HUMPHREY & LEONARD, L.L.P.
>
> /s/ Justin N. Outling
> Kearns Davis
> N.C. State Bar No. 22014
> Post Office Box 26000
> Greensboro, North Carolina 27420
> Telephone: (336) 271-3174
> Email: kdavis@brookspierce.com
> And
> John W. Ormand III
> N.C. State Bar No. 14160
> P.O. Box 1800
> Raleigh, NC 27602
> Telephone: (919) 839-0300
> Email: jormand@brookspierce.com
> And
> Justin N. Outling
> N.C. State Bar No. 38409
> Post Office Box 26000
> Greensboro, North Carolina 27420
> Telephone: (336) 373-8850
> Email: joutling@brookspierce.com
>
> *Attorneys for Defendant Spencer Schar*

13