UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No. 1:18-cv-507

| | |
|---|---|
| KATHRYN MCHUTCHISON,<br><br>   Plaintiff,<br><br>v.<br><br>SPENCER SCHAR,<br><br>   Defendant. | DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR PROTECTIVE ORDER REGARDING SEQUENCE OF DISCOVERY |

Defendant Spencer Schar submits this Brief in Support of his Motion for Protective Order Regarding Sequence of Discovery.

## NATURE OF THE MATTER

The regrettable subject of this Motion is the sequence of discovery, namely, the order of party depositions in this case. Plaintiff seeks to depose Defendant on March 13, 2019, and Plaintiff insists that she depose Defendant prior to her own deposition. Defendant—who initially requested to schedule Plaintiff's deposition on March 1, 2019—objects to Plaintiff's insistence that Defendant be deposed first and instead seeks to depose Plaintiff prior to Defendant's deposition. Plaintiff has indicated that the *only* date on which she is available for deposition is March 22, 2019, which is only 5 business days in advance of the Court's discovery deadline.

Undersigned counsel has never before had to seek the Court's guidance on the sequencing of discovery, but counsel find themselves at an impasse concerning this issue.

1

With Defendant's deposition currently noticed for March 13, 2019, counsel for Defendant is left with no choice but to seek the Court's intervention.

Plaintiff is the primary witness in this case, and the full contours of Plaintiff's allegations and claims in her Complaint can only be established through her own deposition. Moreover, Plaintiff is the party bearing the burden of proof and who will present evidence first at trial. Thus, consistent with the vast discretion afforded courts in the management of discovery, Defendant respectfully requests that the Court order the deposition of Plaintiff in advance of Defendant's deposition.

## FACTS

Plaintiff filed her Complaint on May 30, 2018 asserting claims for battery, assault, and negligence. Defendant denies the allegations of the Complaint and asserts several defenses thereto. Defendant's denials are based in part on the fact that Defendant has no memory of the events underlying several of the Complaint's allegations.

The parties participated in mediation on February 5, 2019 and were unable to reach settlement. Shortly following the mediation, on February 7, 2019, Defendant proposed specific dates on which to conduct various depositions. (*See* Defendant's February 7, 2019 Letter, attached as **Exhibit 1**). Defendant proposed the date of March 1, 2019 for Plaintiff's deposition, pending Plaintiff's availability.

Later that day, in response to Defendant's proposal to depose Plaintiff on March 1, 2019, Plaintiff's counsel informed Defendant's counsel that Plaintiff planned to notice

2

Defendant's deposition for February 22, 2019. (*See* Plaintiff's February 7, 2019 Email, attached as **Exhibit 2**).

On February 14, 2019, counsel for Plaintiff confirmed several of the deposition dates Defense counsel had proposed for various witnesses but did not confirm the proposed date for Plaintiff's deposition, nor did Plaintiff's counsel provide any potential dates for Plaintiff's deposition, citing the need to ensure that any such date comported with Robert Zaytoun's[1] schedule. (*See* Plaintiff's February 14, 2019 Email, attached as **Exhibit 3**). Plaintiff's counsel noted they would "circle back . . . on this scheduling [regarding Plaintiff's deposition]" after conferring further about availability. In that same correspondence, Plaintiff's counsel requested dates on which Defendant and his parents were available for deposition. (*See id.*).

On February 18, 2019, Plaintiff's counsel again requested dates for the depositions of Defendant and his parents, and stated, "[w]e wish to depose [Defendant] before you depose [Plaintiff] but will work with you to make their depositions reasonably contemporaneous." (*See* Plaintiff's February 18, 2019 Email, attached as **Exhibit 4**).

In its email response on February 22, 2019, counsel for Defendant objected to Plaintiff's proposed sequencing of the party depositions. (*See* Defendant's February 22, 2019 Email, attached as **Exhibit 5**). In that email, defense counsel noted that Defendant had proposed a specific date for Plaintiff's deposition before Plaintiff had proposed specific

---

[1] Robert Zaytoun is one of three attorneys who have entered a notice of appearance on behalf of Plaintiff in this case.

dates for Defendant's deposition or those of his parents, and that defense counsel planned to provide Plaintiff with Defendant's availability after confirming the dates of Plaintiff's availability. (*See id.*).

In an email response on February 25, 2019, Plaintiff's counsel informed Defendant's counsel that Plaintiff would be available for deposition on March 19, 2019. (*See* Plaintiff's February 25, 2019 Email, attached as **Exhibit 6**). Plaintiff's counsel also indicated that they would be noticing Defendant's deposition for March 13, 2019 and the depositions of Defendant's parents on March 21, 2019. In that email, Plaintiff's counsel noted:

> [W]e need to move forward with these depositions at the dates indicated above, which all work for Robert Zaytoun's limited schedule in March. We will listen if you ask that these depositions be moved to alternate dates, but only if you provide alternate dates close in time to those listed above and those dates [work] [sic] with Robert's schedule. Although we would like to accommodate you, given the deadline and the number of times we have requested these dates without response, we may not be able to.

(*See id.*). That same day, and before defense counsel had responded to the February 25 email, Plaintiff proceeded to notice Defendant's deposition for March 13, 2019 and the depositions of Defendant's parents for March 21, 2019.

On March 4, 2019, Plaintiff's counsel informed counsel for Defendant that Plaintiff's deposition could no longer go forward on March 19, 2019 because Mr. Zaytoun now had out-of-town obligations on March 19 or March 20. (*See* Plaintiff's March 4, 2019 Email, attached as **Exhibit 7**). Noting that the depositions of Defendant's parents had been noticed for March 21, 2019, Plaintiff's counsel then proposed that Plaintiff's deposition

4

take place on March 22, 2019—that is, after the depositions of Defendant and both of his parents are complete. (*See id.*). Plaintiff's counsel also provided March 26, 2019 as a "fall back date" for Plaintiff's deposition. (*See id.*).

Later on March 4, 2019, Plaintiff's counsel sent a follow-up email regarding Plaintiff's availability, noting that March 22–31, 2019 is Plaintiff's spring break and that while Plaintiff was still available on March 22, 2019, the March 26 "fall back date" was no longer an option, thus leaving March 22, 2019 as the *only* date on which Plaintiff is available for deposition prior to the discovery deadline. (*See* Plaintiff's Second March 4, 2019 Email, attached as **Exhibit 8**).

Later on March 4, 2019, counsel for Defendant sent a letter to counsel for Plaintiff requesting to meet and confer on March 5, 2019 regarding the sequencing of party depositions and reiterating Defendant's position that Plaintiff's deposition should precede Defendant's deposition. (*See* Defendant's March 4, 2019 Letter, attached as **Exhibit 9**). Plaintiff's counsel responded in a letter of March 5, 2019, stating, "[p]lease allow this email response to serve as our meet-and-discuss," and noting that Plaintiff's counsel would be available that same afternoon at 3pm to speak with counsel for Defendant. (*See* Plaintiff's March 5, 2019 Letter, attached as **Exhibit 10**). When Defendant's counsel called Plaintiff's counsel that same day at 3pm, none of Plaintiff's counsel was in fact available, even though Defendant's counsel had emailed Plaintiff's counsel at 2:02pm indicating that he planned to call Plaintiff's counsel at 3pm.

5

On the morning of March 11, 2019, counsel for Defendant renewed its request to meet and confer on the topic of deposition sequencing. (*See* Defendant's March 11, 2019 Email, attached as **Exhibit 11**). As of the filing of this Motion, Defendant's counsel has not received any response to this request.

Having reached an impasse on this issue, and in the interests of efficiency and economy, Mr. Schar respectfully requests that this Court exercise its discretion in determining the proper sequence for discovery and order Plaintiff's deposition in advance of the deposition of Defendant.

## ARGUMENT

**Plaintiff Should be Prohibited from Taking the Deposition of Defendant Until After Defendant Has Taken the Deposition of Plaintiff.**

The Federal Rules of Civil Procedure give district courts wide discretion to determine the sequence of discovery. *Occidental Chem. Corp. v. OHM Remediation Servs.*, 168 F.R.D. 13, 14 (W.D.N.Y. 1996). Pursuant to Federal Rule of Civil Procedure 26(d)(2), the Court may order discovery in any particular sequence when the movant demonstrates that such a sequence is "for the convenience of the parties and in the interest of justice." Fed. R. Civ. P. 26(d)(2).

As explained in both the Commentary to this Rule and subsequent jurisprudence, the purpose of this Rule was "to eliminate fixed priority in the sequence of discovery" and "to make clear and explicit the court's power to establish priority by an order issued in a particular case." Fed. R. Civ. P. 26(d)(2), commentary to the 1970 Amendments to the Federal Rules of Civil Procedure. Prior to 1970, priority in taking depositions normally

6

went to the party to first serve the notice of deposition. *Occidental Chem.* Corp, 168 F.R.D. at *14. However the 1970 amendment to Rule 26(d)(2) abolished that rule and vested authority to the Court to determine the sequence and timing of discovery upon motion. *Id.* (citing *Meisch v. Fifth Transoceanic Shipping Company Limited*, No. 94 Civ. 0683 (DAB), 1994 WL 582960 at *1 (S.D.N.Y. Oct. 21, 1994)).

Where each party wishes to depose the other party first, courts generally determine that the plaintiff, as the party bearing the burden of proof, should be deposed first. *Golla v. City of Bossier City*, Case No. 06-2298, 2007 WL 2253416, at *1–2 (W.D. La. Aug. 1, 2007) (finding that the depositions of plaintiffs should precede those of defendants because "the plaintiffs filed [the] lawsuit and, having the burden of proof, will be required to present their evidence first at trial"); *accord Hinojosa v. CCA Props. of Am.*, Case No. L-07-97, at 7–8 (S.D. Tex. May 7, 2008). Similarly in *Baggs v. Highland Towing, L.L.C.*, the court found that there was no reason that defendant's witness should be deposed prior to the deposition of the plaintiff because "the party whose allegations commenced the lawsuit should be deposed first so that a full understanding of his claims may be obtained before other discovery occurs." Case No. 99-1318, 1999 WL 53549, *2 (E.D. La. Jul. 22, 1999).

Even where defendants are arguably aware of the factual allegations underlying the Complaint, courts have still ordered that the plaintiff be deposed first. In *Golla*, the plaintiffs asserted that the defendants were "well aware of the factual allegations" and that it was "Plaintiffs that need[ed] to discover the factual evidence regarding the [defendants'] liability issues . . . in order to meet their burden of proof. 2007 WL 2253416, at *1. Noting

7

that "each side offer[ed] good reason why their discovery should be given preference," the *Golla* court nevertheless ordered the plaintiffs to submit to depositions first since plaintiffs initiated suit and bore the burden of proof. *Id.* at *1–2.

Here, like the plaintiffs in *Golla*, *Hinojosa*, and *Baggs*, Plaintiff has brought suit and will have the burden of proof at trial. Moreover, it is indisputable that Plaintiff is the central witness in this case, and that her testimony alone will establish the framework to which all other witnesses will testify and respond. Plaintiff therefore should be deposed first, so that a full understanding of her claims may be obtained before the deposition of Defendant.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court enter an order prohibiting Plaintiff from taking the deposition of Defendant until after Plaintiff's deposition is complete.

This the 11th day of March, 2019.

/s/ Shepard D. O'Connell
Kearns Davis
N.C. State Bar No. 22014
P.O. Box 26000
Greensboro, NC 27420
Telephone: (336) 271-3174
kdavis@brookspierce.com
*and*
Justin N. Outling
N.C. State Bar No. 38409
P.O. Box 26000
Greensboro, NC 27420
Telephone: (336) 373-8850
Email: joutling@brookspierce.com
*and*
Shepard D. O'Connell

8

N.C. State Bar No. 50652
P.O. Box 1800
Raleigh, NC  27602
Telephone: (919) 573-6237
Email: soconnell@brookspierce.com

*Attorneys for Defendant Spencer Schar*

**CERTIFICATE OF COMPLIANCE WITH L.R. 7.3(d)**

I certify that this brief contains 1,877 words as calculated under L.R. 7.3(d) and thus the filing complies with the length limitation requirement set forth in L.R. 7.3(d).

This the 11th day of March, 2019.

/s/ Shepard D. O'Connell
Shepard D. O'Connell

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following counsel of record:

>Robert E. Zaytoun
>Matthew D. Ballew
>John R. Taylor
>Zaytoun Law Firm, PLLC
>3130 Fairhill Drive, Suite 100
>Raleigh, NC  27612
>rzaytoun@zaytounlaw.com
>mballew@zaytounlaw.com
>jtaylor@zaytounlaw.com
>Tel: 919-832-6690
>Fax: 919-831-4793
>
>*Attorneys for Plaintiff*

This the 11th day of March, 2019.

>/s/ Shepard D. O'Connell
>Shepard D. O'Connell